JS-6

# United States District Court, Northern District of Illinois

| Name of Assigned Judge or Magistrate Judge | Philip G. Reinhard | Sitting Judge if Other than Assigned Judge | |
|---|---|---|---|
| **CASE NUMBER** | 04 C 50088 | **DATE** | 5/26/2004 |
| **CASE TITLE** | USA v. Chad Bouman | | |

**MOTION:** [In the following box (a) indicate the party filing the motion, e.g., plaintiff, defendant, 3rd party plaintiff, and (b) state briefly the nature of the motion being presented.]

**DOCKET ENTRY:**

(1) ☐ Filed motion of [ use listing in "Motion" box above.]

(2) ☐ Brief in support of motion due _____.

(3) ☐ Answer brief to motion due_____. Reply to answer brief due_____.

(4) ☐ Ruling/Hearing on _____ set for _____ at _____.

(5) ☐ Status hearing[held/continued to] [set for/re-set for] on _____ set for _____ at _____.

(6) ☐ Pretrial conference[held/continued to] [set for/re-set for] on _____ set for _____ at _____.

(7) ☐ Trial[set for/re-set for] on _____ at _____.

(8) ☐ [Bench/Jury trial] [Hearing] held/continued to _____ at _____.

(9) ☐ This case is dismissed [with/without] prejudice and without costs[by/agreement/pursuant to]
☐ FRCP4(m)   ☐ General Rule 21   ☐ FRCP41(a)(1)   ☐ FRCP41(a)(2).

(10) ■ [Other docket entry]   For the reasons stated on the reverse memorandum opinion and order, the court denies the § 2255 motion, denies the motion for an evidentiary hearing, and dismisses this cause in its entirety.

(11) ■ [For further detail see order on the reverse side of the original minute order.]

| | No notices required, advised in open court. | | number of notices | Document Number |
|---|---|---|---|---|
| | No notices required. | | | |
| X | Notices mailed by judge's staff. | | 5-27-04 date docketed | |
| | Notified counsel by telephone. | | | 10 |
| | Docketing to mail notices. | | docketing deputy initials | |
| X | Mail AO 450 form. | | 05-26-04 date mailed notice | |
| X | Copy to judge/magistrate judge. | | | |
| LC | courtroom deputy's initials | Date/time received in central Clerk's Office | ow mailing deputy initials | |

# MEMORANDUM OPINION AND ORDER

Federal prisoner, Chad Bouman, filed a pro se motion pursuant to 28 U.S.C. § 2255, raising the following six claims related to his prior conviction: (1) his trial counsel was ineffective for failing to move to suppress evidence seized pursuant to a search warrant; (2) his trial counsel was ineffective for failing to seek suppression of a statement petitioner gave to the police; (3) his trial counsel was ineffective for failing to file any pre- trial motions for discovery; (4) his trial counsel was ineffective for failing to move to withdraw; (5) his trial counsel was ineffective for failing to object to a jury instruction that constructively amended the indictment; and (6) his appellate counsel was ineffective for failing to raise the issue of the trial court's refusal to instruct the jury on the theory of a coercion defense. The government has filed a response pursuant to this court's order to do so.

As a preliminary matter, the government requests this court vacate its order requiring the government to answer because petitioner "failed to provide any evidence in support of his 2255 motion." The court denies this request to vacate its previous order as the primary authority relied on by the government is a dissenting opinion (see Paters v. United States, 159 F. 3d 1043, 1050-60 (7th Cir. 1998)(Coffey, J., dissenting)) which in turn relies on authority that addresses the issue of whether an evidentiary hearing is warranted when a petitioner fails to submit evidence in support of his § 2255 motion (see Prewitt v. United States, 83 F. 3d 812 (7th Cir. 1996)). The government does not cite, nor does the court find, any direct, precedential authority in support of its contention that no response should have been ordered.

The first claim is that the failure of trial counsel to file a motion to suppress evidence seized pursuant to a search warrant constituted ineffective assistance of counsel. This issue is foreclosed from review under § 2255 because the admission of illegally seized but reliable evidence does not lead to an unjust or fundamentally unfair verdict. See Holman v. Page, 95 F. 3d 481, 490 (7th Cir. 1996) (Applying rule in a proceeding under 28 U.S.C. § 2254); see also Alexander v. United States, 121 F. 3d 312, 313-14 (7th Cir. 1997) (Suggesting the same rule should apply to a § 2255 proceeding). Absent any allegation or showing of unreliability of the evidence, there is no prejudice from admitting such evidence, and thus, no supportable claim of ineffectiveness under Strickland v. Washington, 466 U.S. 668 (1984).

The second claim is that trial counsel was ineffective for failing to move to suppress the statement petitioner gave to the police after his arrest. While the government lumps this issue together with the issue related to the suppression of physical evidence, the holding in Holman has not been extended to ineffectiveness claims in the Fifth Amendment context. While Holman itself involved the failure to seek suppression of a statement, it was in the context of a violation of the Fourth Amendment. See Holman, 95 F. 3d at 489-90. The court need not decide whether the reasoning of Holman applies to a statement allegedly taken in violation of Miranda as the court can dispose of the claim on a separate basis.

In order to make a claim of ineffective assistance of counsel, a petitioner must show that his counsel's performance was objectively deficient, and that the deficiency caused him prejudice. Galbraith v. United States, 313 F. 3d 1001, 1008 (7th Cir. 2002). Here, petitioner cannot demonstrate prejudice as a result of his trial counsel's failure to move to suppress his statement to the police in light of the overwhelming evidence of his guilt. Thus, he is not entitled to relief under § 2255 on this basis.

The third claim, the ineffective assistance of trial counsel based on a failure to file any discovery motions, is also meritless as the government has supplied unrebutted evidence that it disclosed all relevant evidence to petitioner's attorney, thereby alleviating the need for such a motion. Moreover, petitioner has not pointed to any particular evidence that was not disclosed.

Petitioner's fourth claim is that his trial counsel was ineffective for not moving to withdraw. Once again, the government has pointed to several instances in the record where petitioner expressed his satisfaction with counsel. Petitioner has offered no evidence to the contrary. Therefore, this claim is insufficient to provide relief under § 2255.

The fifth claim is that trial counsel was ineffective for failing to object to an instruction regarding co- conspirator evidence which petitioner alleges constituted a constructive amendment to the indictment because he was not charged with a conspiracy. Trial counsel's failure to object was not deficient, however, as such an instruction did not constitute a constructive amendment of the indictment. See United States v. Galiffa, 734 F. 2d 306, 313-14 (7th Cir. 1984). Petitioner is denied relief on this claim.

The sixth and final claim pertains to appellate counsel's alleged ineffectiveness for failing to raise the issue on direct appeal regarding the trial court's refusal to instruct the jury on the coercion defense. A defendant is entitled to a theory of defense instruction if he proposes a correct statement of the law, his theory is supported by the evidence, the theory is not part of the charge, and failure to include an instruction would deny a defendant a fair trial. United States v. Wren, 363 F. 3d 654, 664 (7th Cir. 2004). A defendant presenting a coercion defense must show he reasonably feared immediate death or serious bodily harm unless he committed the crime charged, and there was no reasonable opportunity to refuse to commit the offense and avoid the threatened injury. United States v. Jocic, 207 F. 3d 889, 892 (7th Cir. 2000).

In this case, as the court pointed out at trial, petitioner made no evidentiary showing relevant to the elements of the coercion defense sufficient to justify giving the instruction. Thus, it was not ineffective for appellate counsel not to have raised the issue. Consequently, petitioner is not entitled to relief under § 2255 on this basis.

The remaining claims, which petitioner has placed in a laundry list at the end of his brief with no argument, citation of authority, or evidentiary support, are all denied.

The court also denies petitioner's motion for an evidentiary hearing. An evidentiary hearing on a § 2255 motion is not mandatory, and the district court has discretion to decide whether to grant such a hearing. Prewitt v. United States, 83 F. 3d 812, 819-20 (7th Cir. 1996). In order to obtain an evidentiary hearing, the motion must be accompanied by a detailed and specific affidavit which shows that the petitioner has actual proof of the allegations beyond mere unsupported assertions. Prewitt, 83 F. 3d at 819.

Here, no such affidavit has been submitted, and the court, in its discretion, denies the motion for an evidentiary hearing.

For the foregoing reasons, the court denies the § 2255 petition in its entirety and denies the motion for an evidentiary hearing.